IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-cv-9092-CM-TJJ |
| ) | |
| AFAQ AHMED MALIK, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This is a denaturalization case brought by Plaintiff United States of America ("the Government") against naturalized citizen Defendant Afaq Malik ("Malik"). This matter is pending before the Court on Plaintiff's Opposed Motion for Leave to Amend Complaint and Modify Second Amended Scheduling Order (ECF No. 49). The Government requests leave under Fed. R. Civ. P. 15 to amend its Complaint to Revoke Naturalization to add to two new counts, based on information Malik allegedly provided on March 22 and 29, 2016. The Government also requests 60-day extensions of the discovery and other case deadlines. Malik opposes the motion on grounds the proposed amendment is futile and untimely. As explained below, the motion is granted.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

The Government filed the Complaint to Revoke Naturalization (ECF No. 1) of Malik on May 28, 2015. The Government alleges that before Malik became a naturalized citizen and during the naturalization process, he engaged in a bigamous relationship that he concealed and lied about, and that disqualified him from lawfully becoming a United States citizen. Specifically, the Government alleges that Malik obtained lawful permanent resident status and

was eventually naturalized based on his claimed marriage to United States citizen Venita McIntosh ("McIntosh").  That marriage, however, was bigamous and invalid because Malik secretly remained married to his first wife, Kaneez Fatima ("Fatima"), who is a citizen and national of Pakistan. The Government also alleges that throughout the immigration process Malik concealed the existence of his first wife and their two children.

On July 27, 2015, Malik filed his motion to dismiss (ECF No. 6). The Court held the initial Scheduling Conference in this case on September 17, 2015 and thereafter entered a Scheduling Order (ECF No. 12) that set a November 10, 2015 deadline for filing motions to amend the pleadings.  It also set a March 10, 2016 deadline for completion of discovery.  On October 2, 2015, the Court granted Malik's unopposed motion to stay discovery until the Court ruled on the pending motion to dismiss.  On November 9, 2015, Malik's motion to dismiss was denied.  After the December 7, 2015 status/scheduling conference, the Court entered an Amended Scheduling Order (ECF No. 20) extending the deadline for filing motions to amend the pleadings to January 15, 2016, and extending the discovery deadline to April 8, 2016.  On March 1, 2016, the Court granted the parties joint motion and extended the discovery deadline to June 7, 2016 (ECF No. 33).

The Government deposed Malik on March 22, 2016.  The Government filed the instant motion for leave to amend the complaint on May 8, 2016. The motion requests leave to amend the complaint to add new facts and two new counts for illegal procurement of U.S. citizenship due to lack of good moral character, one based upon Malik's alleged bigamy and one based upon Malik's alleged polygamy.

## II.     STANDARD FOR LEAVE TO AMEND

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading "once as a matter of course" before trial if they do so within: (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[1] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[2] Under Rule 15(a), leave to amend a complaint is freely given when justice so requires.[3] A party is typically granted leave to amend under this rule unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or futility of amendment."[4] A proposed amendment is futile if the amended complaint would be subject to dismissal.[5]

## III.    DEFENDANT MALIK'S OBJECTIONS TO AMENDMENT

### A.     Delay

Undue delay alone is sufficient to deny a motion to amend; there need not be a showing of prejudice.[6] In the Tenth Circuit, undue delay may be found "when the party filing the motion

---

[1] Fed. R. Civ. P. 15(a)(1).

[2] Fed. R. Civ. P. 15(a)(2).

[3] *Id.*

[4] *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005).

[5] *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

[6] *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1229–30 (D. Kan. 2002).

has no adequate explanation for the delay."[7]  The Court may also deny leave to amend if the moving party "knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint."[8]  Moreover, motions for leave to amend are correctly denied

> when it appears that the plaintiff is using Rule 15 to make the complaint "a moving target," to "salvage a lost case by untimely suggestion of new theories of recovery," to present "theories seriatim" in an effort to avoid dismissal, or to "knowingly delay[ ] raising [an] issue until the eve of trial."[9]

While liberality of amendment is important, it is equally important that "there must be an end finally to a particular litigation."[10]

Malik opposes the motion, claiming that the Government unduly delayed in seeking to amend its complaint.  Malik argues that the Government could have asserted the two proposed new causes of action for illegal procurement of citizenship based upon bigamy and polygamy (Counts III and IV of the proposed amended complaint) when it filed the original complaint, because the original complaint explicitly accused Malik of bigamy. Malik argues that the original complaint alleged he had engaged in bigamy in 2000, claiming he never divorced his first wife before he married United States citizen McIntosh. Additionally, Malik argues that he first informed the United States of his re-marriage to Fatima in 2009, but the Government chose not to allege the same in its original complaint filed in May 2015.

---

[7]*Minter v. Primer Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

[8]*Cuenca*, 205 F. Supp. 2d at 1230.

[9]*Minter*, 451 F.3d at 1206 (quoting *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998); *Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th Cir. 2001); *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027(10th Cir.1994); and *Walters v. Monarch Life Ins. Co*., 57 F.3d 899, 903 (10th Cir. 1995)).

[10]*Pallottino*, 31 F.3d at 1027.

The Government argues that the basis for its amendment is information newly obtained in discovery, and the delay in seeking to amend the complaint is not dilatory. The Government contends the factual basis for the amendment arises from facts that Malik failed to timely provide. The Government disputes Malik's statement that he previously informed the Government in 2009 about his alleged remarriage to Fatima.[11] The Government also argues that its proposed two new causes of action related to bigamy are based upon allegations that Malik "claimed he remarried Kaneez Fatima in July 2007 – months before he divorced his United States-citizen wife Venita McIntosh on November 19, 2007." Thus, the Government's proposed new bigamy and polygamy based causes of action are premised not upon the allegation that Malik was still married to Fatima when he married McIntosh in 2000, but rather upon Malik's subsequent remarriage to Fatima in 2007.

The Court finds that the Government has shown that the basis for its proposed two new counts was information it first learned at Malik's March 22, 2016 deposition and discovery not produced until after the January 15, 2016 deadline for filing motions to amend had expired. While Malik claims that he informed the Government of his remarriage to Fatima in 2009, it is unclear whether the Government was actually aware of Malik's remarriage or, more importantly, the fact that it apparently occurred while Malik was still married to McIntosh, until Malik testified at his deposition on March 22, 2016 and then provided the Government a copy of the certificate of the remarriage a week later, on March 29, 2016.[12] The Government filed its motion

---

[11] The Government claims instead that it first learned of Malik's assertion that he remarried Fatima during Malik's March 22, 2016 deposition. Malik dep. 13:2–9, ECF No. 50-2.

[12] The Government points out that on December 8, 2015, it served Request for Production 2 upon Malik for production of "all document related to your marriage to Fatima, including any certificate of marriage and divorce records, papers, or certificates," (ECF No. 50-4) but Malik did not actually produce the certificate of remarriage in response to that request until March 29, 2016, after it was requested at his deposition.

to amend a little more than a month later, on May 8, 2016, and one month prior to the June 7, 2016 discovery deadline.

Based upon these circumstances, the Court finds that the Government did not unduly delay in filing its motion to amend. Moreover, the Court finds that Malik will not be prejudiced by the delay in seeking to amend the complaint. As noted by the Government, the new allegations in the proposed amended complaint are based upon facts that were known to Malik; they should be no surprise to him. Additionally, as discussed in Section IV below, the Court will grant the requested extension of the discovery deadline, which will allow both parties additional time to conduct discovery regarding the new counts, if they desire to do so.

**B.    Futility**

The Court next considers whether the Government's motion for leave to amend its complaint should be denied on grounds of futility. Malik contends that the Government's proposed amendment is futile because both new counts misstate the law, fail to allege facts to sustain either count, and fail to state a claim for which relief can be granted. Malik argues that the two new counts the Government seeks to add—based upon Malik's alleged ineligibility for naturalization due to (1) the "unlawful act" of bigamy under Missouri law and (2) as one who practices "polygamy"—are not legally supported by the new factual allegations and misstate the law.

A proposed amendment is futile if the amended complaint would be subject to dismissal.[13] To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain

---

[13] *Anderson,* 521 F.3d at 1288.

6

"enough facts to state a claim to relief that is plausible on its face."[14] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15]

Reviewing the Government's proposed First Amended Complaint to Revoke Naturalization under these standards, the Court finds that the proposed amendment is not futile. The Court rejects Malik's argument that the Government's failure to include the part of the pertinent Missouri bigamy statute that states, "[a] married person does not commit bigamy if, at the time of the subsequent marriage ceremony, he or she reasonably believes that he or she is legally eligible to remarry,"[16] and alleged mischaracterization of the statute, renders the two new proposed counts futile.  Because the defendant has the burden of raising reasonable belief of eligibility to remarry,[17] Malik has the burden of injecting that issue, which he can do in his answer to the amended complaint.

The Court also reject's Malik's futility argument based upon the lack of any allegations in the proposed amended complaint regarding what Malik's actual beliefs were at the time he remarried Fatima, which he claims is an essential element of bigamy under Missouri law. As discussed above, it is Malik who has the burden of establishing he reasonably believed he was eligible to remarry to show that he did not commit bigamy under R.S. Mo § 568.010.1.  Simply put, the amended complaint contains enough facts to state a claim to relief that is plausible on its face. The Government need not plead allegations as to Malik's beliefs in order to establish the

---

[14]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[15]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[16] R.S. Mo § 568.010.2.

[17] *See* R.S. Mo. § 568.101.3 ("The defendant shall have the burden of injecting the issue of reasonable belief of eligibility to remarry.")

elements for illegal procurement of citizenship for lack of good moral character based upon a violation of Missouri's bigamy statute.

With regard to the Malik's futility argument that Missouri's bigamy statute does not apply to marriages officiated outside of Missouri, the Court finds the 1904 Missouri Supreme Court case cited by Malik, *State v. Hansbrough*,[18] is unpersuasive and does not support his argument. Finally, the Court rejects Malik's argument that the Government's proposed Count III—that alleges Malik was unable to demonstrate he had the required good moral character to naturalize because he "practiced polygamy"—is frivolous and treats bigamy and polygamy as interchangeable. Given Rule 15(a)(2)'s directive to "freely give leave" to amend the pleadings when "justice so requires," the Court finds that the Government has provided sufficient factual allegations regarding Malik's marriages to two women during two overlapping time periods to permit the amendment.

## IV.  REQUEST FOR EXTENSION OF SCHEDULING ORDER DEADLINES

The Government also requests 60-day extensions of the existing Scheduling Order deadlines for completion of discovery, filing dispositive motions, submitting the pretrial order, the pretrial conference, and court trial setting. It asserts that good cause exists to grant an extension of the June 7, 2016 discovery based on new evidence in this case and associated new theories it seeks to pursue with its proposed amendment to the complaint. The Government argues that a 60-day extension of the discovery deadline is needed to allow sufficient time to conduct discovery regarding issues related to Malik's claimed remarriage, its bearing on his good moral character, and any associated facts. The Government further claims that it may need to conduct some of this discovery in a foreign country.

---

[18] 181 Mo. 348, 80 S.W. 900, 901 (1904).

The Court finds that the Government has shown good cause for the requested extensions. The Court has granted the Government leave to amend its complaint to add factual allegations and two new counts, which will likely require additional discovery, some of which may need to be conducted in a foreign country. The Government's request to extend the existing Scheduling Order deadlines by 60 days is therefore granted. The Court will enter a separate Third Amended Scheduling Order with the new case deadlines.

**IT IS THEREFORE ORDERED THAT** the Government's Opposed Motion for Leave to Amend Complaint and Modify Second Amended Scheduling Order (ECF No. 49) is granted. The Government shall electronically file its proposed First Amended Complaint to Revoke Naturalization within seven (7) days of the date of this Order.

**IT IS FURTHER ORDERED THAT** the Government's request to extend the existing Scheduling Order deadlines for completion of discovery, filing dispositive motions, submitting the pretrial order, and for continuances of the pretrial conference and court trial setting is granted. The Court will enter a separate Third Amended Scheduling Order setting out the new case deadlines.

**IT IS FURTHER ORDERED THAT** each party bears its own costs related to this motion.

IT IS SO ORDERED.

Dated this 25th day of May 2016, at Kansas City, Kansas.

                                               *s/ Teresa J. James*
                                               Teresa J. James
                                               U. S. Magistrate Judge