IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-9092-CM-TJJ |
| | ) | |
| AFAQ AHMED MALIK, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING IN PART LEAVE TO FILE PLAINTIFF'S SURREPLY**

This matter is pending before the Court on Plaintiff's Motion for Leave to File Surreply (ECF No. 96). Plaintiff United States of America ("the Government") seeks leave to file a surreply to the Motion for Sanctions (ECF No. 71) filed by Defendant Afaq Ahmed Malik ("Malik") on the grounds that Malik's reply "makes several factual misstatements and misconstrues the record." Malik has filed a lengthy 16-page response in opposition.[1]

Under District of Kansas Local Rule 7.1(c), briefing on motions is limited to the motion (with memorandum in support), a response, and a reply.[2] A surreply is not allowed unless the court grants a party leave to file it.[3] Circumstances that may justify granting leave to file a surreply include where a movant raises new legal arguments or presents new evidence in a reply,

---

[1] Only the first four pages of Malik's response address or respond to the Government's motion for leave to file surreply. The remainder appears to be Malik's attempt at a sur-surreply and seek to interject significant and substantial additional information and issues into the record that were not raised by new legal arguments or new evidence presented in Malik's reply and are not essential to deciding Defendant's Motion for Sanctions. The Court will not consider any argument after page 4 of Malik's response in deciding this motion or Malik's pending Motion for Sanctions.

[2] *COPE v. Kansas State Bd. of Educ.*, 71 F. Supp. 3d 1233, 1238 (D. Kan. 2014).

[3] *Id.*

which the responding party should be given an opportunity to address.[4]  The rules governing the filing of surreplies "are not only fair and reasonable, but they assist the court in defining when briefed matters are finally submitted and in minimizing the battles over which side should have the last word."[5]

After reviewing Malik's Reply (ECF No. 93) in support of his Motion for Sanctions, the Court finds that Malik raised new evidence and arguments in the reply to which the Government should be given an opportunity to address.  Specifically, the Court finds Malik mentions new evidence regarding the number of conversations the Government's counsel had with witness Carolyn Jacobs and the metadata on the "content created" date of her Declaration. Malik also makes new allegations with respect to Fishman's alleged action of withholding Jacobs' contact information to thwart Malik from taking her deposition. As Malik raised these arguments and evidence for the first time in his reply, the Government is entitled to an opportunity to respond to this new evidence and arguments.

However, the Court finds the Government's proposed Surreply would also interject other additional information and issues into the record that were not raised by new legal arguments or new evidence presented in Malik's reply. The Court will therefore grant the Government leave to file its Surreply, but will only consider it with respect those particular issues identified above, which were newly raised by Malik in his reply.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Leave to File Surreply (ECF No. 96) is granted in part and denied in part. Plaintiff shall forthwith electronically file its

---

[4] *Id. See also Green v. New Mexico,* 420 F.3d 1189, 1196 (10th Cir. 2005) ( a nonmoving party should be given an opportunity to respond to new material raised for the first time in a reply brief ).

[5] *COPE*, 71 F. Supp. 3d at 1238.

Surreply in Opposition to Defendant's Motion for Sanctions Against the United States and exhibits.

**IT IS SO ORDERED.**

Dated this 17th day of January, 2017, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge