IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-9092-CM-TJJ |
| | ) | |
| AFAQ AHMED MALIK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

In its September 7, 2017 Memorandum and Order (ECF No. 130) (the "Order"), the Court granted Malik's Motion to Compel Discovery Response and ordered the Government to: (1) serve its supplemental response to Malik's Request No. 5; (2) produce unredacted copies of the five February 2016 emails listed on the Government's June 22, 2017 privilege log; and (3) produce all documents and ESI responsive to Request No. 5. Malik's related request for sanctions and Motion for Leave to Conduct Supplemental Discovery (ECF No. 116) were taken under advisement pending the Government's production of the discovery ordered. The Court indicated in the Order that the Government's supplemental response and document production would be taken into consideration in the Court's decisions regarding whether and, if so to what extent, to award sanctions and/or to allow supplemental discovery.

On September 13, 2017, pursuant to the Order, the Government served its supplemental response and produced the five unredacted emails, as well as fifty-seven pages of emails and other documents responsive to Malik's Request No. 5.

**I.     REQUEST FOR SANCTIONS**

The Court has reviewed the Government's supplemental response and documents produced on September 13, 2017. The emails and documents produced are clearly responsive to Request No. 5, as they are associated with the Government's investigation into Malik's Pakistani divorce documents. The emails were sent between February 2016 and the close of the investigation in September 2016. The Government's production confirms the Court's prior finding that the Government failed to timely supplement its response to Malik's Request No. 5 with these responsive emails and documents, and/or a privilege log identifying them. Indeed, the Government did not produce or identify these responsive documents on a privilege log either in its supplemental production on June 22, 2017, or at any other time, until September 13, 2017, when the Court ordered it to do so.

Malik's motion does not indicate what specific sanctions he seeks for the Government's discovery violations. Federal Rule of Civil Procedure 37 includes a number of sanctions the Court may impose for discovery violations. Rule 37(c)(1)(C) specifically addresses sanctions based upon a party's failure to disclose or supplement under Rule 26(a) or (e) and permits the court to order payment of reasonable expenses, inform the jury of the party's failure, or impose "other appropriate sanctions," including those listed in Rule 37(b)(2)(A)(i)–(vii) for disobeying a discovery order.  Under the particular circumstances of this case, the Court concludes an appropriate sanction is provided by Fed. R. Civ. P. 37(b)(2)(A)(ii), which gives the Court the authority to prohibit a disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence.

This sanction is appropriate here because the Court has found the Government failed to timely supplement its production of documents responsive to Request No. 5. Emails produced for the first time on September 13, 2017, pursuant to the Order, show the Government received

an undated report (the "Undated Interim Report") on its investigation into Malik's Pakistani divorce on September 9, 2016, in anticipation of the September 16, 2016 Pretrial Conference. The recently produced emails also show the Government requested the investigation be closed on September 26, 2016. Yet, the Government never voluntarily produced a copy of the Undated Interim Report in discovery, and waited until November 30, 2016, more than two months after the Pretrial Conference and more than three months after the close of discovery, to produce the Interim Report.[1] The main differences between the Interim Report and the Undated Interim Report are that the Interim Report contains a September 20, 2016 "Date Approved," a November 18, 2016 time stamp, and is on Department of Homeland Security letterhead stationery. The Government did not produce the Final Report,[2] which has an October 24, 2016 "Date Approved" and shows the investigation closed, until May 25, 2017.

Because of the Government's untimely production of both versions of the Interim Reports and the Final Report to Malik, the Court concludes that an appropriate sanction is to prohibit the Government from presenting at trial the Interim Reports (undated and dated versions) and Final Report of the investigation, as well as information contained in those reports that is not independently available from other documents or evidence that the trial court determines admissible at trial. This ruling is not intended to preclude *Malik*, if he chooses to do so, from presenting the Interim Report and Final Report, or the contents thereof, as evidence at trial to the extent they are otherwise admissible.

---

[1] ECF No. 114-2.

[2] ECF No. 114-8.

The Court further awards Malik his reasonable expenses, including attorney's fees, incurred in filing his Motion to Compel Discovery Response (ECF No. 113), which the Court granted. Under Fed. R. Civ. P. 37(a)(5)(A), if a motion to compel is granted, the court:

> must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

On or before **September 22, 2017,** Malik's counsel shall file an affidavit setting out the reasonable expenses, including attorney's fees, incurred in filing Malik's Motion to Compel Discovery Response under Fed. R. Civ. P. 37(a)(5)(A), along with documentation supporting the requested amount of reasonable expenses. The Government shall have until **seven (7) days after the filing of the affidavit** to file a response. The Court will then issue a final order with regard to the payment of expenses under Rule 37(a)(5)(A).

## II.  MOTION FOR LEAVE TO CONDUCT SUPPLEMENTAL DISCOVERY

Malik requests leave to conduct supplemental discovery, but does not indicate in either his motion or memorandum in support of his motion to compel[3] what supplemental discovery he seeks. Malik did attach to his motion what appears to be his proposed Notice of Deposition

---

[3] On the face of his Motion for Leave to Conduct Supplemental Discovery, Malik references an "accompanying memorandum in support of his motion." It appears Malik intended his Memorandum in Support of his Motion to Compel Discovery Responses and for Sanctions (ECF No. 114) to also support his motion for supplemental discovery. The Court has considered the Memorandum in making its ruling.

4

Pursuant to Fed. R. Civ. 30(b)(6),[4] which the Court construes as the supplemental discovery Malik seeks leave to serve.

Malik's proposed deposition notice seeks a Rule 30(b)(6) Government designee to testify regarding seven topics. Those topics include the HSI investigation into Malik's Pakistani notice of divorce (Topic 1), any associated documents and correspondence, (Topics 2–3), the divorce degree obtained during that investigation (Topic 4), and the Government's document retention efforts and any destroyed documents (Topics 5–7). The deposition notice also includes two document requests for any remaining documents and ESI related to the HSI investigation into Malik's Pakistani notice of divorce and correspondence related to the investigation.

Malik's proposed deposition topics and document requests were submitted before the Court's Order requiring the Government to produce supplemental responsive documents associated with the Government's investigation of Malik's Pakistani divorce documents. With regard to the two proposed document requests, the Court finds these requests seek the same HSI-investigation-related documents the Court has already ordered the Government to produce and which the Government did produce. These document requests are therefore cumulative and duplicative, and the Court denies Malik request for leave to serve the document requests.

With respect to the seven proposed deposition topics, discovery closed in this case over a year ago, on August 19, 2016. The Court therefore construes Malik's motion as one to reopen discovery on those limited issues.

The Government opposes any reopening of discovery, arguing that trial is imminent, it would be prejudiced by reopening discovery as discovery closed over eleven months ago, and Malik fails to reasonably explain the delay in filing his motion for supplemental discovery.

---

[4] Malik's Proposed Dep. Notice, ECF No. 116-1.

The decision of whether to reopen discovery is within the sound discretion of the district court.[5] In deciding whether to reopen discovery, the Tenth Circuit has identified several relevant factors, including:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.[6]

Evaluating Malik's request under these factors, the Court denies Malik's request to conduct supplemental discovery in the form of a Rule 30(b)(6) deposition of the Government designee on the first four proposed deposition topics. Malik filed his motion three months before trial, which was set for October 4, 2017.[7] Trial is therefore imminent. The Government opposes the request and has convinced the Court that it would be prejudiced by the reopening of discovery at this late date. Motions for summary judgment have already been filed and ruled upon, and the Government has made preparations for the appearance of witnesses for the upcoming trial date. One of those witnesses is retired from government service and in poor health, and other witnesses must travel from overseas. The first three factors weigh against reopening discovery at this very late stage of the case.

Another factor is whether Malik was diligent in obtaining discovery. Malik offers two explanations for his delay in seeking to reopen discovery. First, he alleges that he delayed because the Government "assured [Malik] there were no other responsive documents, even those

---

[5] *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

[6] *Id.*

[7] The October 4, 2017 trial date has been continued pending the disposition of the matters in these motions.

protected by privilege," and "had [Malik] known the investigation was concluded as of September 10, 2016 he would have sought further discovery or filed a motion to compel at that time." His motion to reopen discovery was filed shortly after the Government produced 22 pages of documents associated with the Final Report on June 22, 2017. The Court finds this factor raises a close question and neither weighs in favor or against allowing Malik to reopen discovery.

The fifth factor is foreseeability of the need for additional discovery in light of the time allowed for discovery. Malik has shown that he could not have foreseen the need for discovery regarding the Government's investigation into Malik's Pakistani divorce documents, as he had no way of knowing that the Government had initiated an investigation until the Government produced the Interim Report on November 30, 2016, which was two months after discovery had closed. Furthermore, none of the individuals involved in the investigation were identified on the Government's Rule 26 initial disclosures. This factor weighs in favor of reopening discovery.

The final factor is the likelihood the discovery will lead to relevant evidence. The Court's Order already required the Government to produce all documents responsive to Malik's Request No. 5, including documents the Government may have deemed privileged. Moreover, the Court has prohibited the Government from introducing the Interim and Final Reports, and the contents therein, as evidence at trial. These rulings significantly diminish any rationale for granting Malik leave to depose a Government representative on the proposed seven topics. Malik has not convinced the Court that allowing a Rule 30(b)(6) deposition inquiry into topics 1 through 4 is likely to lead to additional relevant evidence. Additionally, without any evidence suggesting the Government failed to preserve a particular document, topics 5 through 7 appear unwarranted and

7

unnecessary. Again, the Court's prior rulings have addressed any such potential concerns. This factor weighs heavily against reopening discovery.

Weighing all the factors, the Court concludes that Malik's request to reopen discovery should be denied. The likely importance of the limited discovery sought—which the Court deems minimal in light of the Court's order prohibiting the Government from introducing the Interim and Final Reports, and the contents therein, as evidence at trial—is outweighed by the further delay and prejudice that would be caused by allowing the discovery sought.

**IT IS THEREFORE ORDERED THAT** Malik's request for sanctions is granted. Pursuant to Fed. R. Civ. P. 37(c)(1)(C) and 37(b)(2)(A)(ii), the Government is prohibited from presenting at trial the Interim Reports (undated and dated versions) and Final Report of the investigation, as well as information contained in those reports that is not independently available from other documents or evidence that the trial court determines admissible at trial. This ruling is not intended to preclude *Malik*, if he chooses to do so, from presenting the Interim Report and Final Report, or the contents thereof, as evidence at trial to the extent they are otherwise admissible.

**IT IS FURTHER ORDERED THAT** Malik shall have until **September 22, 2017** to file an affidavit from his counsel requesting his reasonable expenses, including attorney's fees, incurred in filing his Motion to Compel Discovery Response under Fed. R. Civ. P. 37(a)(5)(A), along with documentation supporting the requested amount of reasonable expenses. The Government shall have **seven (7) days thereafter** to file a response.

**IT IS FURTHER ORDERED THAT** Malik's Motion for Leave to Conduct Supplemental Discovery (ECF No. 116) is denied.

**IT IS SO ORDERED.**

Dated this 15th day of September 2017, at Kansas City, Kansas.

                                                  */s/ Teresa J. James*
                                                  Teresa J. James
                                                  U. S. Magistrate Judge