IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-9092-CM-TJJ |
| | ) | |
| AFAQ AHMED MALIK, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Defendant Malik's Motion to Enforce or Clarify the Court's Order Compelling Production of Documents and ESI (ECF No. 132). Malik requests the Court enforce or clarify its prior September 7, 2017 Memorandum and Order (ECF No. 130) ("the Order") by requiring the Government to produce additional documents and information that Malik argues should have been produced pursuant to that Order. Malik specifically requests that the Court order the Government to produce: (1) an unredacted copy of the September 8, 2016 email message from Albert Briseno ("Briseno") to Reuben Gomez (the "Briseno email"); (2) two database entries related to the investigation of Malik as described by Investigative Assistant Noor Mehmand ("Mehmand") in his March 3, 2016 and September 26, 2016 emails; and (3) other relevant and responsive information contained in the Government's database systems. The Government argues the redacted paragraph in the Briseno email was not responsive and the information referenced in the Mehmand emails has already been produced. For the reasons discussed below, Malik's motion is denied.

## I. Unredacted Copy of September 8, 2016 Briseno Email

Malik first raises an issue with the Government's redaction of the September 8, 2016 Briseno email it produced pursuant to the Court's Order. He points out that the Court's Order directed the Government to produce responsive documents and found the Government had waived any privilege or protections with respect to those documents. Malik asserts the Court should order the Government to produce an unredacted copy of the Briseno email because the subject line of the email shows it clearly relates to Malik and the Government has not claimed any privilege or protection applies.

On September 18, 2017, the Court ordered the Government to submit an unredacted copy of the Briseno email for an *in camera* review, which the Government submitted the same day. On September 25, 2017, the Government provided a privilege log listing the Briseno email and asserting attorney-client privilege, attorney work product, and deliberative process privilege. The Government also filed its response, in which it states it redacted a single paragraph of the Briseno email because the paragraph was non-responsive and privileged. It further explains the redacted information relates to "internal government deliberations about a settlement proposal by [Malik] on September 2, 2016."[1]

The Court has reviewed the unredacted email *in camera* and finds the Government has accurately described the redacted information as relating to the Government's internal discussions regarding case settlement efforts. The Court agrees with the Government that this paragraph is not responsive to Malik's First Request No. 5 and is appropriately redacted as non-responsive. Malik's request for an order requiring the Government to produce an unredacted version of the Briseno email is denied.

---

[1] Pl.'s Resp. at 4, ECF No. 140.

**II.     Database Entry Referenced in the March 3, 2016 Mehmand Email**

Malik next requests that the Government be ordered to produce two database entries mentioned in emails sent by Mehmand on March 3, 2016 and September 26, 2016. Malik argues that the March 3, 2016 Mehmand email refers to an "opening case summary in TECS."[2] Malik argues this email reveals that the Government was using the TECS database to store information, documents and ESI, and communications related to the Malik investigation. However, the Government has not revealed on any privilege log or produced to date any entry or document from the TECS database. Therefore, Malik argues the Government should be required at a minimum to produce this "opening case summary" described in the email, along with any other entry, document, communication, or other ESI about Malik in the TECS database.

The Government explains that the TECS system was transitioned to ICM in June 2016 and all of the information in the TECS database is contained in the ICM database.  The Government also states in its Response that it has produced the information referenced in the Mehmand emails, and "[w]hat is contained in TECS is the same information that is contained in the March 3, 2016 e-mail message."[3] In support of its argument, the Government attaches the Affidavit from Mehmand, in which he states:

> On March 3, 2016, after receiving approval, I upload the opening case summary in TECS. At the time, our office used the case management module in TECS to track investigations. Sometime later, we transitioned to Investigative Case Management ("ICM"). All of the information contained in TECS related to case number PZ 1 7H416KCOOO I is contained in Investigative Case Management. I

---

[2] Email, ECF No. 134-2. Malik describes the TECS database as "the updated and modified version of the former Treasury Enforcement Communications System" which is now "owned and managed by the U.S. Department of Homeland Security's (DHS) component U.S. Customs and Border Protection (CBP)." Malik Mem. in Supp. at 4, ECF No. 133.

[3] Resp. at 6, ECF No. 140.

3

have attached a copy of the opening case summary report of investigation from ICM.[4]

The "opening case summary" report attached to the Mehmand Affidavit is a two-page Report of Investigation with a March 13, 2016 "Date Approved." The first full paragraph in both the Synopsis and Details of Investigation sections are identical to the first paragraphs of both the September 20, 2016 Interim Report (USA002341-USA002343) and October 24, 2016 Final Report (USA002345-USA002346) previously produced by the Government (and discussed extensively in the Court's Order). The "opening case summary" report attached to the Affidavit, however, has additional paragraphs discussing events on March 3, 2016 that are not in the Interim and Final Reports. The Government acknowledges in footnote 9 of its Response that this Report includes two additional paragraphs, noting the date Mehmand received the purported Pakistani divorce decree and the prospective investigative step to be taken to complete the document verification. The Government states it already produced documents that included this information, referencing an email from Briseno to Mehmand the Government produced on September 13, 2017 and the Interim Report produced on November 30, 2016. Regardless of whether the Government has previously provided this information, the Court finds there is no materially significant new information included in those paragraphs.

The Government has explained the TECS system transitioned to ICM in June 2016 and all of the information in the TECS database is contained in the ICM database. The Government also produced the "opening case summary" report from the ICM to Malik on September 25, 2017. While the Government does not explain why the ICM "opening case summary" report was not produced earlier, the Government has finally produced what Malik requests in his motion.

---

[4] Mehmand Aff. ¶ 3, ECF No. 140-1.

The Court therefore denies Malik's motion to the extent it requests production of the "opening case summary" referenced in the March 3, 2016 Mehmand email.

### III. Database Entry Referenced in the September 26, 2016 Mehmand Email

Malik also claims the September 26, 2016 Mehmand email references a closing Report of Investigation ("Closing ROI") as being input into the ICM database.[5] Malik contends this information is responsive to his Request No. 5 and the Government has not asserted any privilege with respect to the Closing ROI so the Government should be ordered to produce it.

The Government states it already produced the Closing ROI referenced in Mehmand's September 26, 2016 email on May 25, 2017 and then refers to the same Bates Stamp number for the Final Report (USA002345-USA002346). The Court concludes from this statement that the Closing ROI referenced in Mehmand's September 26, 2016 email and the Final Report previously produced on May 25 2017 are in fact the same document. Accordingly, as the Government has already produced the Closing ROI referenced in the September 26, 2016 Mehmand email, Malik's motion requesting production of the Closing ROI is denied.

### IV. Other information contained in certain government information systems

Malik also requests the Government produce "[a]ny other entry, document, communication, or other ESI" about Malik in the TECS and ICM database or any other federal database related to the fraud investigation. Malik argues that the Mehmand emails raise the question of whether other database entries have not been produced by the Government.

---

[5] Sept. 26, 2016 Mehmand Email, ECF No. 134-3.

The Government affirmatively states it has "produced all of the information contained in TECS and ICM related to case number PZ17H416KC0001."[6] It further states that on September 13, 2017, it produced the opening case summary (USA002371), which Mehmand had entered into the case management module in TECS, which was later transitioned to ICM. And on November 30, 2016 and May 24, 2017, the Government produced the Interim Report (USA002341-USA002343), and the Final Report (USA002345-USA002346), which Mehmand had entered into the same information system. Mehmand's Affidavit confirms that he "reviewed the copies of reports of investigation previously produced to Defendant [Malik]: [Interim Report] USA00234 l-USA002343 and [Final Report] USA002345-USA002346. The reports of investigation contain all of the information [he] uploaded in ICM."[7]

Based upon the Government's representations, the Court concludes the Government has produced all information or documents responsive to Malik's Request No. 5, and there is nothing further for the Government to produce. The Court therefore denies Malik's request for an order compelling the Government to produce any other information contained in TECS, ICM, or other federal databases related to the Government's fraud investigation of Malik.

**IT IS THEREFORE ORDERED THAT** Malik's Motion to Enforce or Clarify the Court's Order Compelling Production of Documents and ESI (ECF No. 132) is denied.

---

[6] In footnote 10 of its Response, the Government states that it holds a single report of investigation related to a different case number, KC17H416KC0001. The Government explains the report of investigation is the "collateral request" referred to by Briseno in his February 25, 2016 email (USA002369). The Government states it produced an unredacted copy of this record to Malik on September 25, 2017.

[7] Mehmand Aff. ¶ 5.

**IT IS SO ORDERED.**

Dated this 29th day of September 2017, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge