# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|     ) | |
|     **Plaintiff,**     ) | |
|     ) | |
| **v.**     ) | **Case No. 15-9092-CM** |
|     ) | |
| AFAQ AHMED MALIK,     ) | |
|     ) | |
|     **Defendant.**     ) | |

## MEMORANDUM AND ORDER

This case is set for trial before the court in less than two weeks. Defendant Afaq Ahmed Malik intended to call two witnesses to testify at trial on his behalf: Ishfaq Malik and Kaneez Fatima. Both witnesses live in Pakistan, and applied for temporary visas to travel to the United States for the limited purpose of testifying at trial. On September 10, 2018, the witnesses' visas were denied. They are unable to attend trial and offer live testimony at trial.

Defendant seeks to take the witnesses' depositions to preserve their testimony for trial on September 22, 2018. In support of this request, defendant filed a Motion for Leave to Conduct Two Video Depositions Pursuant to Local Rule 30.3 (Doc. 175). Plaintiff opposes defendant's motion, arguing that defendant has failed to show good cause why he should be allowed to reopen discovery and procure a deposition so close to trial when defendant should have anticipated that the visas might not be granted.

Under the scheduling order and any amendments, the deadline for completion of discovery in this case was August 19, 2016. Under the court's trial order, deposition designations for trial were due by September 17, 2018, and counter-designations and objections were to be filed by September 20. If

the court allows defendant to depose these witnesses on September 22, it will be after all of these deadlines. Defendant therefore asks to depose the witnesses pursuant to Local Rule 30.3.

Local Rule 30.3 states the general rule that "[t]he deposition of a material witness not subject to subpoena should ordinarily be taken during the discovery period." Under Federal Rule of Civil Procedure 16(b)(4), the court may modify a scheduling order only for good cause. Under Local Rule 30.3, there is a presumption of good cause for altering a deadline on depositions. *Sithon Maritime Co. v. Holiday Mansion*, No. 96-2262-KHV, 1999 WL 66216, at *2 (D. Kan. Feb. 8, 1999). This presumption arises when a material witness has agreed to appear for trial, but later becomes unable or refuses to attend. *Id*. Further, "[a] party can generally show good cause to modify a scheduling order . . . when it is 'necessary to depose a potential witness whose testimony may not otherwise be obtainable for trial.'" *Id*. (quoting *Dixon v. Certainteed Corp.*, No. 94-2310-GTV, 1996 WL 635781, at *1 (D. Kan. Oct. 29, 1996)).

In this case, the court determines that Ishfaq Malik and Kaneez Fatima are material witnesses based on defendant's representation of their anticipated testimony. Defendant represents that they had agreed to attend trial to testify, and they are now unable to do so because their visas have been denied. The court disagrees with plaintiff's contrary position that the witnesses were never "able" to attend in person given their location in another country. And the court finds no bad faith on the part of defendant under these circumstances. The court does not believe that denial of the visas was necessarily foreseeable or that defendant should have prepared for that inevitability. The presumption of good cause applies, and defendant's motion is granted. Plaintiff's counsel may be slightly prejudiced in being required to respond to the deposition testimony in an abbreviated fashion, but the court does not believe that this potential prejudice outweighs defendant's right under these circumstances to present his defense. The court will extend the deadline for designation of Ishfaq

Malik's and Kaneez Fatima's depositions to September 25, 2018, and give plaintiff until September 28, 2018 to make counter-designations and objections. Any objections to the counter-designations shall be filed no later than September 29, 2018.

As the court has previously advised the parties, the court will not entertain any objections to deposition testimony unless and until the parties have attempted in good faith to resolve the dispute among themselves either in person or via telephone conference. Where the court must resolve disputes concerning presentation of the deposition testimony <u>that is the subject of this order</u> at trial, the party seeking to offer the deposition testimony shall deliver a copy of the deposition at issue to the trial judge no later than October 1, 2018 at 8:00 a.m. The previously-set deadlines remain in effect for other deposition designations. The parties should follow the procedures set forth in the court's trial order (Doc. 154).

**IT IS THEREFORE ORDERED** that defendant's Motion for Leave to Conduct Two Video Depositions Pursuant to Local Rule 30.3 (Doc. 175) is granted.

Dated this <u>20th</u> day of September, 2018, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**

-3-