# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 15-9092-CM |
| AFAQ AHMED MALIK, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

Plaintiff United States of America brought this denaturalization action, seeking to revoke and set aside defendant Afaq Ahmed Malik's citizenship and cancel his Certificate of Naturalization. The court conducted a bench trial in October 2018. Shortly before trial, defendant filed a motion to dismiss based on the statute of limitations (Doc. 160). Defendant claims that the Supreme Court's decision in *Kokesh v. Securities & Exchange Commission*, 137 S. Ct. 1635, 1643 (2017), indicates that the case against defendant is barred by the five-year statute of limitations. For the following reasons, the court disagrees, and denies defendant's motion.

*Kokesh* involved a disgorgement judgment in a Securities and Exchange Commission ("SEC") enforcement proceeding. 137 S. Ct. at 1641. The SEC claimed that Charles Kokesh had violated the Investment Company Act of 1940, and sought disgorgement. *Id.* The issue was whether the five-year statute of limitations found in 28 U.S.C. § 2462 barred some of the disgorgement judgment. *Id.* Section 2462 applies to "action[s], suit[s] or proceeding[s] for the enforcement of any civil fine, penalty, or forfeiture," so the Supreme Court discussed whether SEC disgorgement was a punitive sanction (and therefore a penalty) or a remedial sanction. *Id.* at 1642–45. Ultimately, the Court found that SEC disgorgement constitutes a penalty because (1) the violation for which a remedy is sought is

-1-

committed against the United States—not an individual; (2) it is imposed for punitive purposes; (3) it is often not compensatory; and (4) it is not remedial because sometimes it does not seek to merely restore the status quo, but it actually leaves the defendant worse off. *Id.* at 1643–45.

The question, then, is whether the principles applied in *Kokesh* also apply to civil denaturalization actions under 8 U.S.C. § 1451(a). Prior to *Kokesh*, the Supreme Court spoke directly to whether there is a statute of limitations applicable to denaturalization cases: "Congress has not enacted a time bar applicable to proceedings to revoke citizenship by fraud." *Costello v. United States*, 365 U.S. 265, 283 (1961). Title 8 U.S.C. § 1451(a) does not contain a time limit for actions, and historically courts have not applied a statute of limitations to proceedings to revoke naturalization. *See*, *e.g., Kungys v. United States*, 485 U.S. 759 (1988) (considering revocation thirty-four years after naturalization); *United States v. Gkanios*, No. 12-60423-CIV, 2012 WL 5986625, at *4 n.5 (S.D. Fla. Nov. 29, 2012) (citing *Costello*, 365 U.S. at 283); *United States v. Wang*, 404 F. Supp. 2d 1155, 1157–58 (N.D. Cal. 2005) (holding that the government may institute a denaturalization proceeding at any time); *United States v. Rebelo*, 358 F. Supp. 2d 400, 411 (D.N.J. 2005) (same). Courts have specifically held that 28 U.S.C. § 2462 does not apply to denaturalization proceedings. *See*, *e.g., United States v. Hongyan Li*, 619 F. App'x 298, 302–03 (5th Cir. 2015); *United States v. Rebelo*, 394 F. App'x 850, 853 (3d Cir. 2010); *United States v. Phattey*, No. 17-cv-00247, 2018 WL 4365490, at *4 (D. Alaska Sept. 12, 2018).

Defendant argues that *Kokesh* changes the analysis in prior cases because it clarifies what constitutes a "penalty" under § 2462. But denaturalization is not a penalty. Rather, it is remedial; it is intended to revoke a benefit that never should have been bestowed. *See Trop v. Dulles*, 356 U.S. 86, 98 (1958) ("Denaturalization is not imposed to penalize the alien for having falsified his application for citizenship."). Neither recent public statements by the Attorney General and the Department of

Justice, nor use of the word "penalty" by courts changes the status of denaturalization. Denaturalization is not sought for the purpose of punishment. As one court persuasively said post-*Kokesh*:

> The purpose of revoking citizenship is quite obviously to take back something that was not deserved in the first place. The purpose is not to punish, but rather to restore the status quo. Revoking one person's citizenship might deter others from attempting to obtain citizenship unlawfully. However, that does not make deterrence the purpose of revocation. The purpose of a court awarding damages for medical malpractice is to compensate the victim, although the court's award might deter other physicians from engaging in the same or similar behavior.

*Phattey*, 2018 WL 4365490, at *4. This court agrees, and determines that *Kokesh* does not change established law in denaturalization actions that no statute of limitations applies. Defendant's motion to dismiss is therefore denied.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 160) is denied.

Dated this 17th day of April, 2019, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
